# Exhibit C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br>**NORTHSTAR HEALTHCARE HOLDINGS, INC.,**<br>　　　　　　　Debtor. | **Chapter 7**<br>**Case No. 19-12262-CSS**<br>Related Docket No.:＿＿＿＿ |
| **In re:**<br>**NORTHSTAR HEALTHCARE ACQUISITIONS, L.L.C.,**<br>　　　　　　　Debtor. | **Chapter 7**<br>**Case No. 19-12263-CSS**<br>Related Docket No.:＿＿＿＿ |
| **In re:**<br>**NOBILIS HEALTH CORP.,**<br>　　　　　　　Debtor. | **Chapter 7**<br>**Case No. 19-12264-CSS**<br>Related Docket No.:＿＿＿＿ |

**ORDER GRANTING BBVA USA, AS AGENT,**
**RELIEF FROM THE AUTOMATIC STAY**

On ＿＿＿＿, 2019, the Court heard the Expedited Motion For Entry of Order Granting BBVA USA, as Agent, Relief From The Automatic Stay and Other Relief Under 11 U.S.C. § 362(d)(1) (collectively, the "Lift Stay Motions"), filed by BBVA USA f/k/a Compass Bank ("BBVA USA"), in its capacity as administrative agent and super priority agent (in such capacities, the "Agent") for itself and the lenders (the "Lenders"), the major secured creditor in each of the above-referenced cases and for the benefit of the Receiver.[1] Counsel for the Agent, counsel for Alfred T. Giuliano (the "Chapter 7 Trustee") for the estates of (i) Northstar Healthcare Acquisitions L.L.C., (ii) Northstar Healthcare Holdings, Inc., and (iii) Nobilis Health

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the respective meanings set forth in each of the Lift Stay Motions.

**ORDER GRANTING BBVA USA, AS AGENT,**
**RELIEF FROM THE AUTOMATIC STAY - Page 1**
502558975 v6 1286309.00020

Corp. (collectively, the "Debtors"), appeared at the hearing. The Court, having considered the Lift Stay Motions, other relevant pleadings in these case, the evidence presented at the hearing, and the arguments of counsel, finds that notice was adequate under the circumstances, this a core proceeding, and this Court has jurisdiction over the Debtors and their estates, venue is proper, [the Chapter 7 Trustee, the interim trustee, has no objection,] that emergency relief from stay is warranted under 11 U.S.C. § 362(d)(1), and that the Lift Stay Motions should be granted as set forth below.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

1. "Cause" exists under 11 U.S.C. § 362(d)(1) to grant the relief sought by the Lift Stay Motions and the Lift Stay Motions are granted, subject to the terms and conditions set forth below.

2. The Receivership Order remains in full force and effect and the Receiver shall have the authority to continue to operate under the terms and conditions of the Receivership Order except that the Agent (and the Receiver) shall take no action against the Debtors and the assets of the Debtors, save and except for the Sweep Account. The Receivership Order and the Receiver's performance of his duties and the exercise of his rights and remedies under the Receivership Order do not constitute the exercise of control over the Debtors or their Estates in violation of the automatic stay.

3. The automatic stay shall be modified against the Agent to allow the Agent access to the funds from the Sweep Account to, among other things apply funds to make protective advances to the Receiver and otherwise apply such funds against the Indebtedness owed to the Agent and the Lenders.

4. The Receiver shall have the right to continue to maintain and possess the Books and Records, and such right to maintain and possess the Books and Records shall not constitute the exercise of control over the Debtors or their Estates in violation of the automatic stay.

5. Notwithstanding anything that may be construed to the contrary, (i) the Agent, pursuant to the applicable pledge agreements executed by the Non-Debtor Loan Party Northstar Healthcare Surgery Center - Houston, LLC (the "Elite Parent"), as attorney-in-fact for the Elite Parent, which is the Class B Member of each of the Elite Entities[2], has designated and appointed Mark Welch as the Operating Manager for each such Elite Entity in accordance with the organizational documents of each of the Elite Entities, and (ii) Mark Welch (or any designee appointed by the Agent thereafter) shall have the full authority to, among other things, do reconciliations, make distributions to the equity owners of each of the Elite Entities, and otherwise pay expenses of such Elite Entities using money from the Elite Entities respective bank accounts, which accounts are not in the names of the Debtor Parties.  The designation of Mark Welch as the Operating Manager as set forth above, together with the exercise of such rights, powers and responsibilities by Mark Welch as the Operating Manager, shall not constitute the exercise of control of the Debtors or their Estates in violation of the automatic stay.

6. This Order shall bind and inure to the benefit of the respective successors and assigns of each of the parties and this Order shall be controlling upon the Chapter 7 Trustee, any successor or permanent Chapter 7 Trustee, the Estates, Debtors, and their respective officers, agents, attorneys, employees, and representatives, and any successors and assigns (collectively, the "Debtor Group").

7. Nothing in this Order shall be deemed as to be determinative as to the validity or extent of the Agent's security interests and nothing herein shall preclude the Chapter 7 Trustee from

---

[2] The Elite Entities and the Elite Parent are not Debtor Parties

**ORDER GRANTING BBVA USA, AS AGENT,**
**RELIEF FROM THE AUTOMATIC STAY - Page 3**
502558975 v6 1286309.00020

contesting the validity or extent of the Agent's security interests in the Sweep Account or the funds associated therewith.

8. The Court finds that there are grounds to waive any otherwise applicable stay periods and this Order shall be immediately effective upon the entry onto this Court's docket.