## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Northstar Healthcare Holdings, Inc.,<br><br>　　　　Debtor. | Chapter 7<br><br>Case No. 19-12262 (CSS)<br>**Related Doc. No. 9** |
| In re:<br><br>Northstar Healthcare Acquisitions, L.L.C.,<br><br>　　　　Debtor. | Chapter 7<br><br>Case No. 19-12263 (CSS)<br>**Related Doc. No. 9** |
| In re:<br><br>Nobilis Health Corp.,<br><br>　　　　Debtor. | Chapter 7<br><br>Case No. 19-12264 (CSS)<br>**Related Doc. No. 9** |

### CHAPTER 7 TRUSTEE'S OBJECTION TO EXPEDITED MOTION FOR ENTRY OF ORDER GRANTING BBVA USA, AS AGENT, RELIEF FROM THE AUTOMATIC STAY AND OTHER RELIEF UNDER 11 U.S.C. § 362(d)(1)

Alfred T. Giuliano, in his capacity as the chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (collectively, the "Debtors"), by and through his undersigned counsel, hereby files this objection (the "Objection") to the motion of BBVA USA f/k/a Compass Bank, in its capacity as administrative agent and super priority agent (the "Agent") for relief from the automatic stay under 11 U.S.C. § 362(d)(1), as well as various other relief including declaratory relief [D.I. 9] (the "Motion for Relief").[1]  In support of this Objection, the Trustee respectfully states as follows:

---

[1] Capitalized terms shall have the meanings ascribed in the Motion for Relief unless otherwise defined herein.

1.      The Motion for Relief seeks, among other relief, a determination that "[t]he Receivership Order and the Receiver's performance of his duties and the exercise of his rights and remedies under the Receivership Order do not constitute the exercise of control over the Debtors or their Estates in violation of the automatic stay". *See* Motion for Relief, ¶ 25.   In addition, the Agent in the Motion for Relief seeks for its benefit and the benefit of the Receiver the entry of an Order to "… (i) clarify that the Receivership Order remains in full force and effect and thereby avoid any uncertainty regarding the Receiver's authority to continue to operate under the terms and conditions of the Receivership Order, except that the Agent (and the Receiver) shall take no action against the Debtors or the assets of the Debtors, save and except for the Sweep Account and allowing the Agent relief from stay to apply funds from the Sweep Account (which are necessary for the Agent to make protective advances to the Receiver or otherwise apply against the outstanding Indebtedness), (ii) allow the Agent to access the funds in the Sweep Account to, among other things, pay protective advances to the Receiver and otherwise apply such funds against the Indebtedness owed to the Agent and the Lenders, (iii) permit the Receiver to maintain and possess the Books and Records, (iv) make clear that the Agent is permitted to appoint a designee, agent or representative to reconcile accounts and distributions by a non-Debtor entity in which the Debtors hold an indirect interest". *See*, Motion for Relief  ¶24.

2.      The aforesaid relief sought by the Agent is declaratory relief which is to be sought by an adversary proceeding, not a motion for stay relief  under section 362 of the Bankruptcy Code. Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that adversary proceedings include, inter alia, "(2) a proceeding to determine the validity, priority or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d)"; "(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter

LEGAL\43535721\2 00600.9698.000/464741.000
11/04/2019

9, chapter 11, chapter 12, or chapter 13 plan provides for the relief"; and "(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing".

3.      The Trustee submits that his objection to the Agent's seeking such declaratory relief by way of the instant expedited Motion for Relief, instead of an adversary complaint and the attendant adversary proceeding procedures as the Bankruptcy Rules require, is not merely a matter of his elevating form over substance, because the Trustee is being requested to consent, or otherwise to permit various relief without the Estate having been afforded the procedural protections extended under the Bankruptcy Rules to enable such action to be taken by the Trustee on a fully informed basis.

4.      The Motion for Relief was filed three (3) days after the Petition Date, and even the objection deadline is a mere 14 days after the Petition Date.  To date, the Debtors have not filed any of their Bankruptcy Schedules, Statements of Financial Affairs, or listings of top creditors, nor have the Debtors been examined by the Trustee under 11 U.S.C. §341.  The Trustee anticipates the need for filing a motion for extension of time for the filing of the Debtors' Schedules, Statement of Financial Affairs and creditor listings required under Bankruptcy Rule 1007.  Further, and as discussed more fully below, the Receiver has not yet fulfilled his obligations as a "custodian" under section 543 of the Bankruptcy Code to turn over property of the Debtors, including but not limited to books and records of the Debtors.  Although the Trustee has managed to obtain some information relating to the organizational structure and pre-petition operations of the Debtors, the Trustee has not received sufficient information nor time to verify all of the factual representations and conclusory legal statements made by the Agent in its Motion for Relief.  The Trustee should not be required to parse through the scope of relief being sought in the Motion for Relief to

LEGAL\43535721\2 00600.9698.000/464741.000
11/04/2019

determine, what portion of such relief is actually justified versus the portions which constitute overreaching, and the potential ramifications of same for the Estates, in expedited motion practice.

5.      The Receiver selected by the Agent is a custodian under the Bankruptcy Code.  A "custodian" under section 101(11)(C) of the Bankruptcy Code includes "…a receiver …under applicable law, or under contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property…." 11 U.S.C. § 101(11)(C).

6.      The obligations of a receiver with knowledge that there has been a bankruptcy case commenced under the Bankruptcy Code are set forth in section 543 of the Bankruptcy Code. Among other things, a custodian shall "deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case" and "file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian." 11 U.S.C. § 543(b).

7.      The Receiver to date has not been able to comply with the requirements of section 543 of the Bankruptcy Code; however, the Trustee and the Receiver are engaged in a cooperative dialogue to obtain and exchange required information.  The Receiver may take the position that the Debtors' bankruptcy cases are in their infancy; such observation runs both ways, however, as the Trustee is not in a position to confirm the Agent's assurances in the Motion for Relief that the Estates do not have any interests which must be protected by the automatic stay under section 362. The Agent, in its Motion for Relief, has the appropriate sequence of events reversed: rather than seek to compel the Trustee, on an accelerated basis, to prioritize the Receiver's ability to perform its functions under the Receivership Order, the Receiver's first priority must be to comply with the

4

requirements of section 543 of the Bankruptcy Code.  The Trustee must have the opportunity to obtain and review any interests of the Debtors in property, including but not limited to all of the Debtors' books and records, before the Trustee can legitimately be expected to formulate a position on the appropriate interplay between the Receivership Order and these Debtors' bankruptcy cases.

8.    Noteworthy is the fact that throughout the Motion for Relief the Agent refers to "assets" of the Debtors.  The automatic stay of 11 U.S.C. §362 is not merely applicable to "assets" but instead is applied to protect the broader concept of "property of the estate" which is defined in 11 U.S.C. §541 to be "… all legal and equitable interests of the Debtor in property as of the commencement of the case."  The Agent in ¶5 of its Proposed Order is seeking a declaration that the designation by the Agent of Mark Welch as Operating Manager in alleged accordance with the organizational documents of the so-called "Elite Entities" shall not constitute an exercise of control of the Debtors and their Estates; however, the Elite Parent (as defined in the Motion for Relief as being Non-Debtor Northstar Healthcare Surgery Center – Houston, LLC) which holds the membership interest in the Elite Entities being used by the Agent to make the designation is reportedly a one hundred percent wholly owned subsidiary of one of the Debtors, namely, Northstar Healthcare Acquisitions, LLC.  Accordingly, the action of designating the Operating Manager and the Operating Manager's subsequent actions (including proposed distributions) are an exercise of control over property of the estate of a Debtor at a minimum in the form of the interests held in the subsidiary which controls the designation rights.  The Trustee does not yet have the organization documents for either the Northstar Healthcare Surgery Center LLC, Northstar Healthcare Acquisitions LLC, or the underlying Elite Entities.

LEGAL\43535721\2 00600.9698.000/464741.000
11/04/2019

WHEREFORE, the Trustee respectfully requests that the Court deny the Motion for Relief, and grant such further relief as it deems just and appropriate.

Dated:  November 4, 2019                              COZEN O'CONNOR

                                                     */s/ John T. Carroll*

                                        By:  _____
                                             John T. Carroll, III (DE No. 4060)
                                             1201 N. Market Street
                                             Suite 1001
                                             Wilmington, DE  19801
                                             (302) 295-2028 Phone
                                             (302) 295-2013 Fax No.
                                             jcarroll@cozen.com

                                             *Proposed Counsel to Alfred T.*
                                             *Giuliano, Chapter 7 Trustee*

6