IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Northstar Healthcare Holdings, Inc., | Case No. 19-12262 (CSS) |
| Debtor. | **Related Doc. Nos. 9, 24, 27** |
| In re: | Chapter 7 |
| Northstar Healthcare Acquisitions, L.L.C., | Case No. 19-12263 (CSS) |
| Debtor. | **Related Doc. Nos. 9, 24, 27** |
| In re: | Chapter 7 |
| Nobilis Health Corp., | Case No. 19-12264 (CSS) |
| Debtor. | **Related Doc. Nos. 9, 24, 28** |

**ORDER APPROVING STIPULATION GRANTING
BBVA USA, AS AGENT, RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the (i) Expedited Motion for Entry of Order Granting BBVA USA, as Agent, Relief from the Automatic Stay and Other Relief Under 11 U.S.C. § 362(d)(1) (collectively, the "Motions for Relief"),[1] [D.I. 9] filed by BBVA USA f/k/a Compass Bank ("BBVA USA"), in its capacity as administrative agent and super priority agent (in such capacities, the "Agent") for itself and the lenders (the "Lenders"), with the concurrence of the Receiver, and (ii) the Chapter 7 Trustee's Objection to Expedited Motion for Entry of Order Granting BBVA USA, as Agent, Relief from the Automatic Stay and Other Relief Under 11 U.S.C. §362(d)(1), [D.I. 24] (the "Trustee's Objection"), and the Court having been presented with the Stipulation Consenting to Entry of Order Granting BBVA USA, as Agent, Relief from

---

[1] Capitalized terms not otherwise expressly defined herein shall have the meanings ascribed to them in the Stipulation.

1

the Automatic Stay (the "<u>Stipulation</u>") and the Court having considered the Stipulation a copy of which is attached hereto as Exhibit "1" (the "<u>Stipulation</u>");[2] and sufficient notice and opportunity for a hearing having been given; and upon due deliberation having determined that good cause exists for approval of the Stipulation,

**IT IS HEREBY ORDERED AND DETERMINED THAT:**

1. The Stipulation is approved in its entirety and entered as an order of this Court with the automatic stay of 11 U.S.C. § 362 being modified to the extent provided in the Stipulation; and

2. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation and/or enforcement Stipulation and/or this Order; and

3. This Order shall be immediately effective upon the entry on the Bankruptcy Court's docket and the stay periods of Fed. R. Bankr. P 6004(h) are waived.

Dated: November ___7___, 2019

BY THE COURT:

_____
The Honorable Christopher S. Sontchi
Chief, United States Bankruptcy Judge

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

2

LEGAL\43625888\2 00600.9698.000/464741.000
11/06/2019

# EXHIBIT "1"

# THE STIPULATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Northstar Healthcare Holdings, Inc., | Case No. 19-12262 (CSS) |
| Debtor. | **Related Doc. Nos. 9, 24** |
| In re: | Chapter 7 |
| Northstar Healthcare Acquisitions, L.L.C., | Case No. 19-12263 (CSS) |
| Debtor. | **Related Doc. Nos. 9, 24** |
| In re: | Chapter 7 |
| Nobilis Health Corp., | Case No. 19-12264 (CSS) |
| Debtor. | **Related Doc. Nos. 9, 24** |

**STIPULATION CONSENTING TO ENTRY OF ORDER GRANTING BBVA USA, AS AGENT, RELIEF FROM THE AUTOMATIC STAY**

This Stipulation (the "Stipulation") is made this 5th day of November by and among (i) the Agent (as defined below), (ii) the Receiver (as defined below), and (iii) the Chapter 7 Trustee (as defined below), (collectively, the Agent, the Receiver and the Chapter 7 Trustee are the "Parties"), directly and/or through their undersigned respective counsel, to provide for the modification of the automatic stay of 11 U.S.C. § 362 subject to the terms set forth herein.

**WHEREAS**, on October 24, 2019 the Expedited Motion for Entry of Order Granting BBVA USA, as Agent, Relief from the Automatic Stay and Other Relief Under 11 U.S.C. § 362(d)(1) was filed by BBVA USA f/k/a Compass Bank ("BBVA USA"), in its capacity as administrative agent and super priority agent (in such capacities, the "Agent") for itself and the

1

lenders (the "Lenders"), the major secured creditors in each of the above-referenced cases, with the concurrence of the Receiver, [D.I. 9] (collectively, the "Motions for Relief").[1]

**WHEREAS**, on November 4, 2019 Alfred T. Giuliano, in his capacity as Chapter 7 Trustee (the "Chapter 7 Trustee") for the bankruptcy estates (the "Estates") of (i) Northstar Healthcare Acquisitions L.L.C., (ii) Northstar Healthcare Holdings, Inc., and (iii) Nobilis Health Corp. (collectively, the "Debtors") filed the Chapter 7 Trustee's Objection to Expedited Motion for Entry of Order Granting BBVA USA, as Agent, Relief from the Automatic Stay and Other Relief Under 11 U.S.C. § 362(d)(1), [D.I. 24] (the "Trustee's Objection") which Estates are being administered in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS**, the Agent and the Chapter 7 Trustee through their respective counsel have engaged in negotiations of a resolution of the Motions for Relief and the Trustee's Objection as set forth in this Stipulation and have agreed to the grant of relief to the extent set forth in this Stipulation and related Approval Order (as defined below).

**NOW THEREFORE**, intending to be legally bound, the Parties, subject to Bankruptcy Court approval, agree as follows:

1. The automatic stay of 11 U.S.C. § 362 (the "Automatic Stay") shall be modified to permit Howard Marc Spector in his capacity as collateral receiver appointed under the Receivership Order (the "Receiver") to continue to operate under the terms and conditions of the Receivership Order provided that neither the Receiver nor the Agent shall take any action against the Debtors and property of the estates' of the Debtors, save and except for the Sweep Account to the extent provided herein. The Receiver's performance of his duties and the exercise of his

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the respective meanings set forth in each of the Motions for Relief.

2

rights and remedies under the Receivership Order in accordance with this Stipulation shall not constitute a violation of the automatic stay; <u>provided further however</u>, notwithstanding the actions of the Receiver under the Receivership Order (or any subsequent Orders of the Receiver to monetize or otherwise dispose of the assets of the non-Debtor entities subject to the Receivership Order), should such assets being disposed of or monetized by the Receiver be determined at a later date to be the property of the Debtors' Estates, the Chapter 7 Trustee reserves all rights to recover the interests of the Debtors' Estates in same, subject to the liens and claims of the Agent and the Lenders thereto, if any, and the Receiver and the Agent reserve all rights to object to such recovery and assert the liens and claims of the Agent and the Lenders against the same (hereafter, the "<u>Reservation of Rights Proviso</u>").

2. The Automatic Stay shall be modified against the Agent to allow the Agent access to the funds from the Sweep Account to the extent provided for under the Deposit Control Agreement, and to apply funds to make protective advances to the Receiver and otherwise apply such funds against the Indebtedness owed to the Agent and the Lenders to the extent provided for under the Credit Agreements; <u>provided, however</u>, all amounts advanced by the Agent to the Receiver as protective advances shall not increase the indebtedness owing by the Debtors to the Agent and the Lenders.

3. The Automatic Stay shall be modified to permit the Receiver to continue to maintain possession of the Books and Records of the Debtors and the non-Debtor entities on a non-exclusive basis, subject to the terms of paragraph 7 below.

4. The Automatic Stay shall be modified to permit the designation by the Agent of Mark Welch as the designated agent of the Operating Manager of each of the Elite Entities[2] and

---

[2] The Elite Entities are not Debtor Parties.

3

to permit the exercise of such rights, powers and responsibilities by Mark Welch as the designated agent of the Operating Manager of each of the Elite Entities, subject to the Reservation of Rights Proviso.

5. The Approval Order (as defined below) shall bind and inure to the benefit of the respective successors and assigns of each of the Parties and the Approval Order (as defined below) shall be controlling upon (i) the Chapter 7 Trustee, any successor or permanent Chapter 7 Trustee, the Estates, and Debtors, and their respective officers, agents, attorneys, employees, and representatives, and any successors and assigns (collectively, the "Debtor Group"), (ii) the Agent, and its respective officers, agents, attorneys, employees, and representatives, and any successors and assigns, and (iii) the Receiver and his respective agents, attorneys, employees, and representatives, and any successors and assigns.

6. Nothing in this Stipulation shall be deemed as to be determinative as to the validity or extent of the Agent's security interests and nothing herein shall preclude the Chapter 7 Trustee from contesting the validity or extent of the Agent's security interests in the Sweep Account or the funds associated therewith, or any other property of the Estates of the Debtors.

7. The Receiver agrees to comply with 11 U.S.C. § 543(b) with respect to the Debtors' books and records in the possession of the Receiver, and also to provide the Chapter 7 Trustee with: (i) reasonable access to the books and records of the Receivership Entities under the control of the Receiver, (ii) reasonably detailed information relating to the description, account identification and sources of proceeds since September 24, 2019, when the Agent exercised its rights and remedies, in the various accounts of the Receivership Entities under the control of the Receiver or otherwise subject to the deposit account control agreements in favor of the Agent, including the Sweep Account, containing approximately $450,000, (iii) information

4

relating to who is in charge of, and serves as the administrator for the Debtors' employee benefit plans, and copies of the employee benefit plans, to the extent the Receiver has access to the same, and (iv) reasonable details regarding proposed sale transactions sought by the Receiver, without prejudice to the rights of the Chapter 7 Trustee to seek additional information from the Receiver.

8. The Parties agree to the entry of an order approving this Stipulation in the form attached hereto as Exhibit "A" (the "Approval Order") and agree that the Approval Order shall be immediately effective upon the entry onto this Court's docket and the applicable stay periods of Fed. R. Bankr. P 6004(h) shall be waived with respect to the Approval Order.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original and all of which taken together shall constitute a single agreement and shall be binding upon the Parties. Facsimile signatures and/or electronically submitted signatures shall be deemed an original.

10. Should any dispute arise regarding this Stipulation, the Bankruptcy Court shall have exclusive jurisdiction to determine the same.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed by their duly authorized representatives as of the date set forth above.

**IT IS SO STIPULATED AND AGREED.**

**BY BBVA USA, AS AGENT:**

**DLA PIPER LLP (US)**

By: /s/ *Stuart M. Brown*
Stuart M. Brown, Esq. (DE No. 4050)
1201 North Market Street
Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5640
Fax: (302) 394-2341
Email: Stuart.Brown@us.dlapiper.com

- and -

**K&L GATES LLP**

By: /s/ *David Weitman*
David Weitman, Esq.
Texas State Bar No. 21116200
Christopher A. Brown, Esq.
Texas State Bar No. 24040583
1717 Main Street, Suite 2800
Dallas, Texas 75201
Phone: (214) 939-5500
Fax: (214) 939-5849
Email: david.weitman@klgates.com
Email: chris.brown@klgates.com

*ATTORNEYS FOR BBVA USA, AS AGENT*

**THE CHAPTER 7 TRUSTEE:**

**COZEN O'CONNOR**

By:  /s/ *John T. Carroll*
John T. Carroll, III (DE No. 4060)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
Phone: (302) 295-2028
Fax: (215) 701-2140
Email: jcarroll@cozen.com

***PROPOSED COUNSEL FOR ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE***


**BY THE RECEIVER:**

*/s/ Howard Marc Spector*
Howard Marc Spector
Texas State Bar No. 00785023
Spector & Cox
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Phone: (214) 365-5377
Fax: (214) 237-3380
Email: hspector@spectorcox.com

7