IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nobilis Health Corp., et al.[1]<br><br>        Debtors. | Chapter 7<br><br>Case No. 19-12264 (CSS)<br>(Jointly Administered)<br><br>**Related Doc. No. 141**<br><br>Hearing Date: February 11, 2021 at 2:00 p.m.<br>Objection Date: February 4, 2021 at 4:00 p.m. |

**CHAPTER 7 TRUSTEE'S OBJECTION TO EMERGENCY MOTION OF BBVA USA FOR ENTRY OF AN ORDER AUTHORIZING THE AGENT TO CONDUCT A RULE 2004 EXAMINATION OF ALFRED T. GIULIANO, AS CHAPTER 7 TRUSTEE, AND <u>OBTAIN PRODUCTION OF DOCUMENTS</u>**

      Alfred T. Giuliano, in his capacity as the chapter 7 trustee (the "<u>Trustee</u>") for the estates (the "<u>Estates</u>") of the above-captioned debtors (collectively, the "<u>Debtors</u>"), by and through his undersigned counsel, hereby files this objection (the "<u>Objection</u>") to the "emergency" motion (the "<u>Motion</u>")[2] of BBVA USA f/k/a Compass Bank, in its capacity as administrative agent (the "<u>Agent</u>" or "<u>BBVA</u>") for itself and the Lenders, to examine the Trustee and for production of certain documents by the Trustee. In support of this Objection, the Trustee states as follows:

      1.      The Agent and the Trustee have a dispute over whether the Collected Proceeds consisting of a pre-petition settlement and refunded legal retainers constitute part of the Debtor Collateral pledged to BBVA. The Trustee has no objection generally to the Agent getting access to the information on which the parties are basing their respective positions on this issue; however,

---

[1] The Debtors are: Northstar Healthcare Holdings, Inc., Case No. 19-12262; Northstar Healthcare Acquisitions, L.L.C., Case No. 19-12263 and Nobilis Health Corp., Case No. 19-12264.

[2] Capitalized terms shall have the meanings ascribed in the Motion unless otherwise defined herein.

the Pre-Petition Settlement Agreement (as defined below) of the Texas Litigation contains a confidentiality provision which the Trustee has agreed to consent to waive but the defendants in the Texas Litigation as counter-parties to the Pre-Petition Settlement Agreement (as defined below) have not thus far agreed to similarly waive confidentiality and have refused BBVA's direct request to be provided with a copy of the confidential Pre-Petition Settlement Agreement (as defined below).

2.      To be clear, however, there is absolutely no "emergency" which requires that production of documents and a deposition of the Trustee be ordered on an expedited basis.  The Agent falsely suggests that a determination of whether the Collected Proceeds are Debtor Collateral is a critical, time-sensitive issue.  There is simply no basis for the notion that the Trustee will disburse the Collected Proceeds – or, for that matter, that his counsel, Cozen O'Connor, would accept payment of the Collected Proceeds on an interim basis – while the Agent's stated objection to same is unresolved.  The Trustee has not given the Agent any reason to fear dissipation of its alleged collateral and indeed continues to hold the recovered funds from the Texas Litigation and refunded legal retainers in the bonded account maintained by the Trustee for the Estates.

3.      Further, the Agent is simply incorrect in stating that the Trustee has been unjustifiably withholding information regarding the Collected Proceeds, has been substantively unresponsive to the Subpoena, and has not provided any comments or counter-draft to the Stipulated Protective Order.

4.      On Friday evening, January 8, 2021, at approximately 5:35 p.m. (ET), counsel to the Agent via e-mail sent a copy of the Subpoena to counsel for the Trustee.  Rule 45(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Bankruptcy Rule 9016, provides that service of a subpoena "requires delivering a copy to the named person".  The e-

mailing of the Subpoena to the Trustee's counsel, who was not requested to and did not accept service on the Trustee's behalf, did not constitute proper service of the Subpoena.

5. In any event, counsel for the Trustee and counsel for the Agent were already communicating, even before the e-mailing of the Subpoena to the Trustee's counsel on January 8th, as to what the factual and legal issues were implicated in determining the extent, if any, to which the Collected Proceeds constitute part of the Debtor Collateral.

6. Front and center among these issues is whether proceeds from the Debtors' pre-petition settlement of certain litigation claims constitute proceeds of "commercial tort claims" as defined under the Uniform Commercial Code which are expressly excluded from the collateral provided to BBVA by the Debtors under the applicable loan documents. The Trustee's position is that the settlement proceeds were in satisfaction of the tortious fraud claims asserted by debtor Nobilis Health Corp. against the individual defendants in a Texas state court lawsuit, *Nobilis Health Corp. v. Dara, et al.* (the "Texas Litigation"). A copy of the Plaintiff's First Amended Petition (the "Petition") in the Texas Litigation is attached as Exhibit A hereto. A review of the attached Petition makes clear that the claims asserted in the Texas Litigation are commercial tort claims which do not serve as collateral for BBVA.

7. The Trustee for the Estates, while the successor in interest to these settlement proceeds, was not involved in the Texas Litigation, including the pre-petition settlement. Accordingly, the Trustee's characterization of the settled claims as commercial tort claims is based on the Trustee's review of the Petition and the pre-petition settlement agreement between the Debtors and the defendants in the Texas Litigation (the "Pre-Petition Settlement Agreement") which was provided to the Trustee by the defendants in the Texas Litigation.

3

8. As the Trustee's counsel has explained to the Agent repeatedly, however, the Pre-Petition Settlement Agreement contains confidentiality provisions for the benefit of the non-Debtor settling defendants. As such, the Trustee is not at liberty to simply turn over settlement documents to the Agent. The Trustee had no power to waive the confidentiality protections on behalf of these non-Debtor defendants. The "delay" of which the Agent accuses the Trustee boils down to this simple fact. The Trustee however has worked diligently albeit unsuccessfully in an effort to get the counter-parties to consent to confidentiality waivers so that the Pre-Petition Settlement Agreement may be shared with the Agent.

9. The Agent also complains in the Motion that the Trustee has not provided comments or a counter-draft to the Stipulated Protective Order proposed by the Agent. Again, the Agent ignores an axiomatic threshold issue. As counsel for the Trustee conveyed to counsel for the Agent, the Stipulated Protective Order was a non-starter in that it completely overlooked the fact that disclosure of the Pre-Petition Settlement Agreement and related documents to BBVA implicates confidentiality rights belonging to the non-Debtor settling defendants, which the Trustee has no power to waive. The proposed Stipulated Protective Order put forth by BBVA simply did not address the aforesaid issue and the Trustee's counsel informed the Agent's counsel of same.

10. Finally, the Agent states that the Trustee must be prevented from distributing Collected Proceeds, which the Agent contends are Debtor Collateral. The Trustee has given the Agent no basis to suspect that the Trustee would distribute the Collected Proceeds without consent of the Agent or an order of the Court authorizing same. Indeed the Agent's histrionics that the proverbial "sky is falling" are without any substance or foundation.

LEGAL\50776484\2 00600.9698.000/464741.000
02/04/2021

11. Simply put, the Trustee is at least as motivated as the Agent is to resolve whether some or all of the Collected Proceeds constitute part of the Debtor Collateral or are instead, as the Trustee alleges, unencumbered assets of the Estates. The Trustee is similarly motivated to share documents which are germane to the required analysis. The Trustee has not stated or acted to the contrary. The Motion is a complete misrepresentation of the tenor and substance of communications between the Trustee and the Agent on this matter and should be denied. The Estates do not have sufficient resources with which to fund such frivolous discovery disputes which is the reason in part that the Trustee endeavored to undertake to get the defendants in the Texas Litigation to consensually agree to BBVA receiving a copy of the Pre-Petition Settlement Agreement.

## CONCLUSION

Wherefore, the Trustee respectfully requests entry of an order denying the Motion.

Dated: February 4, 2021

COZEN O'CONNOR

By: */s/ John T. Carroll*

John T. Carroll, III (DE No. 4060)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
(302) 295-2028 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

LEGAL\50776484\2 00600.9698.000/464741.000
02/04/2021