# EXHIBIT "A"

8/23/2018 1:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 26991489
By: Jacob Blessing
Filed: 8/23/2018 1:24 PM

**CAUSE NO. 2018-11804**

| | | |
|---|---|---|
| **NOBILIS HEALTH CORP.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| v. | § | |
| | § | |
| **ANIL DARA, M.D.; SRINIVAS** | § | **127th JUDICIAL DISTRICT** |
| **RUMALLA, M.D.; FAKHRUDDIN** | § | |
| **RAKLA, M.D.,** | § | |
| | § | |
| **Defendants.** | § | **JURY DEMANDED** |

### PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Nobilis Health Corp. ("Nobilis") files this First Amended Petition, wherein it complains of Defendants Anil Dara, M.D.; Srinivas Rumalla, M.D.; and Fakhruddin Rakla, M.D. In support of its claims, Nobilis submits the following to the Court:

### I.    PARTIES

1. Plaintiff Nobilis is a British Columbia, Canada corporation with its principal place of business at 11700 Katy Freeway, Suite 300, Houston, Harris County, Texas 77079.

2. Defendant Anil Dara, M.D. is a resident of Texas, and may be served at 5210 Holly Street, Bellaire, Texas 77401.

3. Defendant Srinivas Rumalla, M.D. is a resident of Texas, and may be served at 43 Hammock Dunes Place, Spring, Texas 77389.

4. Defendant Fakhruddin Rakla, M.D. is a resident of Texas, and may be served at 9950 Memorial Boulevard, Suite 102, Humble, Texas 77338.

773374.2

## II. VENUE, DISCOVERY PLAN, AND DAMAGES

5. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

6. Nobilis intends to conduct discovery under a Level 2 discovery control plan pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

7. Nobilis seeks monetary relief in excess of $1,400,000.00. The damages sought by Nobilis are within the jurisdictional limits of the Court.

## III. NATURE OF THE CASE

8. Nobilis is publicly-traded Houston-based healthcare development and management company. It owns, operates, and/or manages 25 locations throughout Texas and Arizona, including 5 hospitals, 12 ambulatory surgery centers, and 11 clinics. It further partners with several dozen facilities across the United States and markets multiple brands and services.

9. Defendants are practicing physicians who came together to start a hospital in Humble, Texas, the ICON Hospital ("ICON" or "the Hospital"). As is common in the industry, the Hospital looked to a more experienced provider, Nobilis, for assistance in running their facility.

10. In November 2016, Nobilis and ICON's ownership group, which included the Defendants, contemplated an agreement whereby Nobilis would, among other things, build a laboratory facility at the Hospital, manage ICON's laboratory services, and handle billing for said services.

11. Defendants also asked Nobilis to advance ICON a substantial sum of money to assist with the operations and development of the hospital as part of the agreement. Defendants

Certified Document Number: 81383603 - Page 2 of 7

represented that the advance would be paid back to Nobilis with interest from ICON's gross proceeds. Defendants induced Nobilis into entering the agreement by knowingly and falsely representing, inter alia, that any money Nobilis advanced to ICON would be used to help the hospital grow and promptly paid back.

12. Nobilis performed its services as specified in the agreement, and in fact, worked on construction of the laboratory until it was substantially completed. Nobilis also advanced ICON the money as contemplated by the agreement. Nobilis's efforts quickly resulted in increased volume, revenue and cash that exceeded expectations.

13. However, even with the receipt of the advance, ICON's financial health was so poor that it could not pay its bills. Upon information and belief, Defendants knew the advance would be insufficient to grow the hospital and that the hospital would never have sufficient funds to pay Nobilis for its work pursuant to the agreement. Indeed, Nobilis believes Defendants never had any intention of ever paying for Nobilis' work, and instead intended to line their own pockets.

14. Further, the funds Nobilis advanced to ICON were not utilized to grow or develop the hospital. Rather, on information and belief, Defendants used the money to pay themselves, as Defendants are ICON's landlords. Upon information and belief, Defendants never intended for ICON to use the funds loaned by Nobilis to develop the hospital, and always intended to use the money for their personal enrichment.

15. In an attempt to (1) keep Nobilis providing laboratory services to the Hospital, (2) stave off collection efforts by Nobilis that likely would have resulted in the failure of the hospital, and (3) continue to utilize the funds loaned by Nobilis to enrich themselves, Defendants knowingly made a series of false statements to Nobilis, claiming, among other things, that the

3

Certified Document Number: 81383603 - Page 3 of 7

Hospital and its owners had the resources to pay Nobilis in full and that payment would be made quickly. Those statements were false at the time they were made, and as a result of relying on Defendants' false claims, Nobilis incurred substantial damages.

16. Nobilis is currently owed in excess of $1,400,000.00 for laboratory-related services and the cash advance provided to the Hospital.

### IV. CAUSE OF ACTION

#### A. Common Law Fraudulent Inducement

17. Nobilis incorporates by reference the factual allegations above as set forth herein.

18. As described above, Defendants knowingly and intentionally falsely represented to Nobilis that if Nobilis entered into the agreement and advanced ICON money, the money would be used to grow and develop the hospital and Nobilis would be promptly repaid.

19. Nobilis relied on Defendants' false representations in entering and performing under the agreement to their detriment.

20. Defendants' false representations were material to Nobilis's decision to enter the agreement.

21. Defendants knowingly made these false representations to Nobilis for the purpose of inducing Nobilis to enter the agreement and to advance funds to ICON that would be used to enrich Defendants rather than develop the hospital, and which ICON would not repay.

22. As a proximate result of Defendants' intentional fraudulent misrepresentations, Nobilis suffered substantial past and future economic and non-economic damages in an amount to be determined at trial.

#### B. Common Law Fraud

23. Nobilis incorporates by reference the factual allegations above as set forth herein.

Certified Document Number: 81383603 - Page 4 of 7

24. Defendants made a series of false and material representations regarding the financial condition of ICON Hospital as part of a scheme to enrich themselves at Nobilis's expense, specifically that ICON and its owners had the resources to pay the accumulated debts they owed Nobilis and that payment would be made quickly.

25. At the time Defendants made these misrepresentations, they knew them to be false.

26. Nobilis relied on Defendants' material misrepresentations to their detriment.

27. Thus, Nobilis suffered substantial past and future economic and non-economic damages, in an amount to be determined at trial.

**C.    Civil Conspiracy**

28. Nobilis incorporates by reference the factual allegations above as set forth herein.

29. The Defendants knowingly planned and acted in a concerted fashion amongst themselves and with third parties in a concerted conspiracy to usurp, divert, and procure Plaintiff's assets and services through fraud.

30. Due to the Defendants' concerted unlawful acts, Nobilis has suffered past and future economic and non-economic damages, in an amount to be determined at trial.

## V.    EXEMPLARY DAMAGES

31. The course of conduct pursued by Defendants constitutes fraud as defined by Chapter 41 of the Texas Civil Practice & Remedies Code. Nobilis seeks to recover exemplary damages in an amount sufficient to punish Defendants' knowing fraudulent and malicious conduct, as permitted Chapter 41.

## VI.    JURY DEMAND

32. Plaintiff hereby demands a jury trial.

## VII.  REQUEST FOR DISCLOSURE

33. Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## VIII.  PRAYER FOR RELIEF

34. Nobilis requests that the Court award a judgment against Defendants for the following:

   a. Actual damages as determined at trial;

   b. Exemplary damages as determined at trial;

   c. Prejudgment and postjudgment interest as prescribed by law or allowed by equity;

   d. Costs;

   e. All litigation expenses, to include attorneys' fees, accountants' fees, engineers' fees, consultant's fees and/or expert's fees; and

   f. All other relief to which Plaintiffs are entitled.

Dated: August 23, 2018

Respectfully submitted,

SMYSER KAPLAN & VESELKA, L.L.P.

By: _/s/  Tyler G. Doyle_
    Craig Smyser
    Texas Bar No. 18777575
    Tyler G. Doyle
    Texas Bar No. 24072075
    Crystal N. Robles
    Texas Bar No. 24083754
    700 Louisiana, Suite 2300
    Houston, Texas 77002
    713-221-2300
    713-221-2320 (fax)
    csmyser@skv.com
    tydoyle@skv.com
    crobles@skv.com

ATTORNEYS FOR PLAINTIFF
NOBILIS HEALTH CORP.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served on the attorneys of record in the above-referenced matter by electronic service on August 23, 2018.

                                                  /s/ *Tyler G. Doyle*
                                                    Tyler G. Doyle



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 5, 2020

Certified Document Number:        81383603 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**