# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Nobilis Health Corp., *et al.*[1], <br><br> Debtors. | Chapter 7 <br><br> Case No. 19-12264 (CSS) <br> (Jointly Administered) <br><br> **Related Doc. No. 163, 175** |

### ORDER PURSUANT TO 11 U.S.C. §§ 327(e) & 328 AUTHORIZING EMPLOYMENT AND RETENTION OF KAUFMAN, COREN & RESS, P.C. AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE, *NUNC PRO TUNC*, EFFECTIVE AS OF APRIL 30, 2021

Upon the Application of Alfred T. Giuliano, the Chapter 7 Trustee (the "Trustee")[2] for the Estates ("Estates") of the above-captioned Debtors (the "Debtors"), pursuant to 11 U.S.C. §§ 327(e) and 328 for Authority to Employ and Retain Kaufman, Coren & Ress, P.C. ("KC&R") as Special Litigation Counsel for the Chapter 7 Trustee, *nunc pro tunc*, effective as of April 30, 2021 (the "Application") filed by the Trustee in the above-captioned Bankruptcy Cases; and upon the Declaration of Steven M. Coren (the "Coren Declaration"), which is attached to the Application; and the Court being satisfied based upon the representations made in the Application and the Coren Declaration that said attorneys hold no interest adverse to the Trustee or the Debtors' Estates with respect to the matters upon which they are to be engaged, and that the employment of KC&R is necessary and would be in the best interests of the Debtors' Estates and their creditors; and it appearing that the Court has jurisdiction over this matter; and it appearing that due and proper notice of the Application has been given; and after due deliberation, and sufficient cause appearing therefor; it is hereby

ORDERED THAT:

1. The Application is APPROVED, subject to the terms set forth below.

2. Pursuant to Sections 327(e) and 328 of the Bankruptcy Code, the Trustee is

---

[1] The Debtors are: Northstar Healthcare Holdings, Inc., Case No. 19-12262; Northstar Healthcare Acquisitions, L.L.C., Case No. 19-12263 and Nobilis Health Corp., Case No. 19-12264.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Application.

authorized to employ and retain KC&R as special litigation counsel to the Trustee pursuant to the terms and conditions set forth in the Fee Agreement attached to the Trustee's Application and the terms of compensation set forth in the Fee Agreement are hereby preapproved under 11 U.S.C. Section 328(a), effective as of April 30, 2021.

3. Compensation to be paid to KC&R for services to be rendered to the Trustee, plus reimbursement of disbursements incurred in connection with the services provided to the Trustee as set forth in the Fee Agreement shall be determined by this Court upon appropriate application therefore in accordance with Sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and/or any applicable regulations and Orders of this Court.

4. Notwithstanding anything to the contrary herein, nothing herein shall (i) prejudice or impair the rights of BBVA USA, as agent (the "Agent") to assert that the recoveries from the Litigation constitute: (1) Debtor Collateral,[3] (2) Non-Debtor Collateral,[4] or (3) Agent-Owned Claims,[5] and should be properly paid in full to the Agent and not paid to KC&R, the Debtors' Estates or the Trustee, (ii) constitute a consent by the Agent to any surcharge against the Litigation recoveries under 11 U.S.C. Section 506(c) or otherwise, and the Agent reserves all rights to object

---

[3] The term "Debtor Collateral" means substantially all of the assets of the Debtors, including, without limitation, all of the Debtors' accounts receivable, general intangibles, equity interests, distributions on account of equity interests, and refunds of unearned insurance premiums, in each case, that are subject to the first-priority security interest and lien that the Debtors granted to the Agent, on behalf of itself and the Lenders, to secure the Indebtedness under the Loan Documents.

The term "Loan Documents" includes, without limitation: (i) the Credit Agreement, (ii) that certain Guaranty and Security Agreement, dated as of October 28, 2016, as amended and modified by that certain Reaffirmation and Omnibus Amendment Agreement (the "Omnibus Agreement"), dated as of May 22, 2019 (collectively, the "Guaranty and Security Agreement"), and (iii) that certain Pledge Agreement, dated as of October 28, 2016 as amended, modified and supplemented by (1) that certain Amendment No.1 to Pledge Agreement, dated January 7, 2019, and (2) the Omnibus Agreement.

[4] The term "Non-Debtor Collateral" means substantially all of the assets of the approximately 45 non-Debtor affiliates, including, without limitation, all of the non-Debtors' accounts receivable, general intangibles, equity interests, distributions on account of equity interests, and refunds of unearned insurance premiums, in each case, that are subject to the first-priority security interest and lien that the Debtors granted to the Agent, on behalf of itself and the Lenders, to secure the Indebtedness under the Loan Documents.

[5] The term "Agent-Owned Claims" means all claims made by the Agent, on behalf of itself and the Lenders, in connection with the suit filed on May 29, 2020 by the Agent, on behalf of itself and the Lenders, against the Debtors' former officers in Texas state court pursuant to which the Agent is seeking recovery of damages against the Debtors' former officers in excess of $63.6 million on account of negligent misrepresentations, reckless misrepresentations, and negligent omissions.

to same, or (iii) constitute the Agent's consent to the use of its cash collateral by the Trustee or the Debtors' Estates.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: July 12th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

3

LEGAL\52112211\3 00600.9698.000/464741.000